UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

MATTHEW SHOREY, individually
and on behalf of other persons similarly
situated,

    Plaintiff,

v.

DIGITAL RECEPTION SERVICES, INC., a
Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    1.    Plaintiff, MATTHEW SHOREY, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, DIGITAL RECEPTION SERVICES, INC., a Florida corporation (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and other current and former employees similarly situated for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

    2.    During his employment, Plaintiff worked as a non- exempt Technician, but was misclassified by Defendant as an "independent contractor." Plaintiff performed his duties and related activities in Fort Myers, Lee County, Florida.

    3.    Defendant, DIGITAL RECEPTION SERVICES, INC. (hereinafter referred to as "DRS"), is a Florida corporation, with a principal place of business in Tampa, Florida.

    4.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

5. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, with revenue in excess of $500,000.00.

6. During Plaintiff's employment with Defendant as a Technician, Defendant misclassified Plaintiff as an independent contractor although Plaintiff was required to wear Defendant's designated uniform, Plaintiff was directly supervised by Defendant's employees, and his work was assigned by Defendant.

7. Plaintiff's primary duties were of a non-exempt nature, and included installing and repairing cable, telephone and internet service for Defendant's customers.

8. Plaintiff was compensated on a piece rate basis for the work he performed. However, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

9. Other employees misclassified as contractors are also similarly situated, and were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

10. The additional persons who may become Plaintiffs in this action are current and former Technicians, however titled, who were misclassified by Defendant as independent contractors, and worked overtime hours, but did not receive time-and-a-half wages for their overtime hours worked on or after September 2007.

11. Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

12. The records, if any, concerning the number of hours actually worked by Plaintiff and similarly situated employees and the compensation actually paid to them are in the possession and custody of Defendant.

13. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 13 above.

15. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

16. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and the other employees similarly situated have suffered damages plus incurred costs and reasonable attorney's fees.

17. As a result of Defendant's willful violation of the Act, Plaintiff and the other employees similarly situated are entitled to liquidated damages.

18. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MATTHEW SHOREY, and the other employees similarly situated, demand judgment against Defendant, DIGITAL RECEPTION SERVICES, INC., for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and

3

reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: October 1, 2010  
       Boca Raton, Florida

Respectfully submitted,

Gregg I Shavitz (Fla. Bar No. 11398)  
Email: gshavitz@shavitzlaw.com  
Camar R. Jones (Fla. Bar No. 720291)  
Email: cjones@shavitzlaw.com  
Trial Counsel  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Hwy, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

## NOTICE OF CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)

1. I hereby consent, agree, and to become a Plaintiff in the lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any settlement herein approved by the named plaintiffs (as they may be substituted or amended), recommended by my attorneys and approved by the Court as fair, adequate, and reasonable.

3. I hereby designate the Shavitz Law Group, P.A. to represent me in this action.

_Matthew Shorey_
NAME

_[signature]_
SIGNATURE